

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00167-CR
No. 02-18-00168-CR

———————————————

ALBERT RAY FORD BACY AKA ALBERT RAY FORDBACY, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1449929D, 1526355D

Before Gabriel, Kerr, and Womack, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

Appellant Albert Ray Ford Bacy appeals his convictions for aggravated sexual assault of a child under the age of seventeen and failure to comply with sexual offender registration requirements. *See* Tex. Penal Code Ann. § 22.011(a)(2); Tex. Code Crim. Proc. Ann. art. 62.102(a). We will affirm the trial court's judgment related to the aggravated sexual assault of a child. We will modify the failure-to-comply judgment to reflect the proper statute and affirm that judgment as modified.

After the State charged Bacy with three counts of sexual assault of a child under the age of seventeen, the State and Bacy agreed to a charge bargain wherein the State waived two of the three counts in exchange for Bacy's plea of guilty to the remaining count. Sentencing was left to the trial court, which deferred adjudication and placed Bacy on community supervision for ten years. Under the terms of his community supervision, Bacy was required to comply with sexual offender registration requirements. Bacy did not comply, and the State filed a petition to proceed to adjudication. In addition, the State obtained an indictment charging Bacy with the offense of failure to comply with sexual offender requirements.

The trial court held a hearing regarding both the State's petition to proceed to adjudication and on the newly indicted charge, wherein Bacy pleaded true to three of the State's allegations in the petition and guilty to the failure-to-comply charge. The trial court sentenced Bacy to eight years' confinement regarding the adjudicated sexual

assault charge and three years' confinement regarding the failure-to-comply charge and ordered the sentences to run concurrently. This appeal followed.

Bacy's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 87 S. Ct. 1396 (1967). In compliance with *Kelly v. State*, counsel notified Bacy of his motion to withdraw, provided him a copy of the brief, informed him of his right to file a pro se response, informed him of his pro se right to seek discretionary review should this court hold the appeal is frivolous, and took concrete measures to facilitate Bacy's review of the appellate record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court afforded Bacy the opportunity to file a brief on his own behalf, but he did not do so.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is wholly frivolous and without merit—we find nothing in the

record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

In this case, however, we will modify the judgment to reflect the correct statute for the offense of failure to comply with sexual offender registration requirements. The trial court's judgment reflects that the statute of Bacy's failure-to-comply offense is Article 62.10 of the Texas Code of Criminal Procedure. But in 2005, Article 62.10 was redesignated as Article 62.102 and amended during the 79th Regular Session of the Texas Legislature. *See* Act of May 26, 2005, 79th Leg., R.S., ch. 1008, § 1.01, 2005 Tex. Gen. Laws 3385, 3386, 3407 (current version at Tex. Code Crim. Proc. Ann. art. 62.102). Specifically, Article 62.102(a) defines the offense of failure to comply with sexual offender registration requirements. Tex. Code Crim. Proc. Ann. art. 62.102(a).

The Texas Rules of Appellate Procedure give this Court authority to modify judgments to correct errors and make the record speak the truth. Tex. R. App. P. 43.2(b); *see French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.). Therefore, we modify the failure-to-comply judgment to indicate that the correct statute for the offense of which Bacy was convicted is Article 62.102(a) of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 62.102(a).

Accordingly, we grant counsel's motion to withdraw; we affirm the trial court's judgment regarding the aggravated sexual assault of a child under the age of seventeen; and, as modified, we affirm the trial court's failure-to-comply judgment.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 26, 2019